IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10122
Conference Calendar
_____

JONATHAN MARSHALL, SR., (Joe),

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA; STATE OF TEXAS;
256TH JUDICIAL DISTRICT, Family Court;
U.S. ATTORNEY, Department of Justice;
FEDERAL BUREAU OF INVESTIGATION; INTERNAL
REVENUE SERVICE; TEXAS DEPARTMENT OF PUBLIC
SAFETY; U.S. DISTRICT COURT, Northern
District of Texas; CHARLES R. FULBRUGE, III,
Clerk, U.S. Court of Appeals, Fifth Circuit;
STATE APPELLATE COURT, Fifth District at
Dallas; JIM BOWLES, Sheriff of Dallas County;
FEDERAL BUREAU OF PRISONS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-1733-P
--------------------
August 23, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

     Jonathan Marshall, Sr., Texas prisoner # 96032321, seeks

leave to proceed in forma pauperis ("IFP") in the appeal of the

dismissal of his civil rights complaint.  The district court

certified, pursuant to 28 U.S.C. § 1915(a)(3), that Marshall's

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appeal was not taken in good faith. Marshall's motion for IFP is treated as a challenge to the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Because Marshall fails to show that he will raise a meritorious issue on appeal, his motion to proceed IFP is DENIED. Marshall has abandoned the argument that the district court's dismissal of his complaint for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), was an abuse of discretion by failing to brief it. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Even had he briefed the argument, it is without merit. The district court did not err in certifying that an appeal would be frivolous. Accordingly, the appeal is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); Baugh, 117 F.3d at 202 n.24 (5th Cir. 1997); 5th Cir. R. 42.2.

The dismissal of this appeal counts as Marshall's second strike for purposes of § 1915(g). See Marshall v. United States, No. 98-10056 (5th Cir. July 24, 1998); see also Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Marshall is WARNED that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.